Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO: 1:22-CR-2079-SAB-1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| JAMES SKAHAN-LOWE, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, United States of America, by and through Vanesa R. Waldref, United States Attorney for the Eastern District of Washington, and Thomas J. Hanlon, Assistant United States Attorney, submits the following sentencing memorandum:

I.

SENTENCING CALCULATIONS

The United States agrees with the calculations contained in the Presentence Investigation Report. The guideline range is a sentence of seven (7) years. See,

U.S.S.G. § 2K2.4(b). The statutory range is a sentence between 7 years to life imprisonment. See, 18 U.S.C. 924(c)(1)(A)(ii). Here, the parties have agreed to recommend that the Court impose a sentence within a range of 96 to 120 months imprisonment.[1]

II.

GOVERNMENT'S OBJECTION TO PSIR

The Government has filed no objections to the PSIR.

III.

OBJECTIONS TO PSIR

The parties have filed no objections to the PSIR.

IV.

SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

Since "*Booker*, the scheme of downward and upward departures has been replaced by the requirement that judges impose a reasonable sentence." *United States v. Tankersley*, 537 F.3d 1100, 1113 (9th Cir. 2008). The Guidelines are the starting point and the initial benchmark for the sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007). The Court has broad power to make a reasoned decision on the individualized facts before it. *Rita v. United States*, 127

---

[1] See, ECF No. 23.

S. Ct. 2456, 2468 (2007).  The Court "take[s] into account the totality of the circumstances" to determine whether a sentence is reasonable.  *Gall v. United States*, 128 S. Ct. 586, 597 (2007).  A district court contemplating a non-Guideline sentence must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.  *Peugh v. United States*, 133 S. Ct. 2083 (2013)(citations omitted).

In determining the appropriate sentence, this Court is required to consider the factors as set forth in 18 U.S.C. § 3553(a).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

The current offense is serious.  An innocent citizen parked on the side of the road to talk to a family member on the phone.  The citizen was not on the Defendant's property.  It appears that the Defendant confused the citizen with someone who had previously been on his property.  The Defendant jumped in a vehicle, drove out to the victim's vehicle, parked, and confronted the victim.  The Defendant was erratic.  The victim attempted to calm down the situation and offered the Defendant a beer.  The Defendant walked back to his vehicle, grabbed a rifle, and ordered the victim onto the ground.  The victim tried to escape and attempted to run away.  The Defendant chased him and struck him in the back with the rifle.  The Defendant left the victim on the ground.  The Defendant left the area

and returned a short time later with another person.  This other person stole the victim's car.

The Defendant is a 30-year-old male.  The Defendant has been involved in the criminal justice system for most of his life.  The Defendant has a criminal history score of 26!  The Defendant has been convicted of multiple offenses, including but not limited to:  (1) residential burglary (2010); (2) vehicle prowling (2010); (3) unlawful possession of a firearm (2011); (4) first degree possession of stolen property (2014); (5) second degree burglary (2014); (6) possession of a stolen vehicle (2016); (7) second degree burglary (2017); (8) possession of a stolen vehicle (2018); (9) first degree burglary (2021); and (10) possession of a stolen motor vehicle and first degree unlawful possession of a firearm (2022).  It appears that the Defendant was out of custody on pre-trial release when he committed the instant offense.[2]  The Defendant was ingesting marijuana, methamphetamine, and alcohol on a daily basis until the time of his arrest.

It should be noted that the instant offense has been extremely traumatic for the victim.  The victim has changed his life due to this violent crime.  The victim no longer goes outside alone.  The victim has become fearful of going out in public. The victim is struggling with getting his life back in order.

---

[2] The Defendant was arrested on June 27, 2021 for first degree burglary.  He was sentenced on June 9, 2022.  The instant offense was committed on February 26, 2022.

Government's Sentencing Memorandum                4

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The Defendant has demonstrated that he has no respect for the law, and no respect for innocent members of our community.   The Defendant has been victimizing others his entire adult life.  A sentence of 120 months is necessary to promote respect for the law, and to provide just punishment.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

The Defendant prior contacts with the criminal justice have failed to deter him from engaging in criminal acts.

In 2011, the Defendant was sentenced to 13.5 months imprisonment.  In 2015, he was sentenced to 9 months imprisonment.  In 2015, he was sentenced to 9 months imprisonment.  In 2016, he was sentenced to 12 months and 1 day imprisonment.  In 2018, he was sentenced to 25 months imprisonment.  It seems clear that these prior terms of incarceration failed to deter the Defendant from engaging in criminal acts.

The government respectfully recommends that this Court impose a sentence of 120 months imprisonment to deter the Defendant from engaging in future criminal conduct.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

Government's Sentencing Memorandum           5

The Defendant is a danger to community. As noted above, the Defendant has been committing criminal acts and/or possessing guns for his entire adult life. The public deserves to be protected from the Defendant.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

The Defendant appears to be in need of vocational training and substance abuse treatment.

V.

GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of 120 months imprisonment followed by five years of supervised release. The government is attempting to obtain receipts for restitution.

Respectfully submitted this 10th day of January 2023.

>Vanessa R. Waldref
>United States Attorney


>s\ Thomas J. Hanlon
>THOMAS J. HANLON
>Assistant United States Attorney

I hereby certify that on January 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to the following: Alex B. Hernandez, III.

                                              s\ Thomas J. Hanlon
                                              THOMAS J. HANLON
                                              Assistant United States Attorney
                                              United States Attorney's Office
                                              402 E. Yakima Ave., Suite 210
                                              Yakima, WA    98901
                                              (509) 454-4425
                                              Fax (509) 454-4435