Alex B. Hernandez, III
Federal Defenders of Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920

Attorneys for the Defendant
James Skahan-Lowe

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable STANLEY A. BASTIAN

| United States of America, | No. 1:22-CR -2079-SAB |
|---|---|
| Plaintiff, | Objection to Presentence Investigation Report |
| v. | |
| James Skahan-Lowe, | |
| Defendant. | |

James Skahan-Lowe, through his attorney, Alex B. Hernandez, III, of the Federal Defenders of Eastern Washington and Idaho, submits these objections to the Presentence Investigation Report ("PSIR"). [ECF No. 25].

**Objections**

Mr. Skahan-Lowe has no objections to the guideline calculations in the PSIR. The guideline sentence is the term of imprisonment required by statue, which is 7 years under 18 U.S.C. § 924(c)(1)(A)(ii), and neither Chapter Three (Adjustments) or Four (Criminal History and Criminal Livelihood) apply. USSG § 2K2.4(b). *Id.* at ¶27.

Objection to Presentence Investigation Report  1

However, Mr. Skahan-Lowe objects to the calculations of his criminal history points, although ultimately, he will still be in Criminal History Category VI:

**1. Page 10-11, ¶¶s 69-77**: Mr. Skahan-Lowe objects to the 2 points assessed for his conviction of First-Degree Possession of Stolen Property (Date of Offense – 6/24/2014; Yakima Court Superior Court Cause No. 14-1-01107-1) and 2 points assessed for his conviction of Second-Degree Burglary (Date of Offense – 7/9/2014; Yakima County Superior Court Cause No. 14-1-01610-2).  Even though these offenses occurred on separate dates, Mr. Skahan-Lowe believes these two convictions should be treated as a single sentence under USSG § 4A1.2(a)(2)(B) because there does not appear to have been an intervening arrest and both matters were sentenced on the same day.  From the PSIR, it appears Mr. Skahan-Lowe was not immediately arrested when the offenses occurred.  According to the PSIR, he was arrested at later date on a warrant issued in the Possession of Stolen Vehicle case and sentenced on both matters on the same date, which was May 12. 2015.  The sentences for these two convictions should be treated as a single sentence for a total of 2 points.

**2. Page 13-14, ¶¶s 90-98**: Mr. Skahan-Lowe objects to the 3 points assessed for his conviction Second-Degree Burglary (Date of Offense – 6/16/2017; Yakima Court Superior Court Cause No. 17-1-01310-8) and 3 points assessed for his conviction of Possession of Stolen Vehicle (Date of Offense 6/25/2017; Yakima County Superior Court Cause No. 17-1-01263-2).  Even though these offenses occurred on separate dates, Mr. Skahan-Lowe believes these two convictions should be treated as a single sentence under USSG § 4A1.2(a)(2)(B) because there does not appear to have been an intervening arrest and both

Objection to Presentence Investigation Report  2

matters were sentenced on the same day. From the PSIR, it does not appear there was an arrest made in the Second-Degree Burglary offense at the time of the incident. [ECF No. 25 at ¶93]. Nor was there an arrest on the Possession of Stolen Vehicle at the time of the offense, instead, a warrant of arrest was requested. *Id.* at ¶98. At some point, Mr. Skahan-Lowe was arrested for both offenses and was sentenced on both matters on the same date, which was January 4, 2018. It does not appear there was an intervening arrest and the sentences for these two convictions should be treated as a single sentence for a total of 3 points.

**3. Page 14, ¶¶s 101-106**: Mr. Skahan-Lowe objects to the 1 point assessed for his conviction for Shoplifting (Date of Offense – 9/12/2019; Yakima Municipal Court Cause No. PA19-2011) and 1 point assessed for his conviction for Shoplifting (Date of Offense 9/14/2019; Yakima Municipal Court Cause No. PA19-0209). Even though these offenses occurred on separate dates, Mr. Skahan-Lowe believes these two convictions should be treated as a single sentence under USSG § 4A1.2(a)(2)(B) because there does not appear to have been an intervening arrest and both matters were sentenced on the same day. From the PSIR, it does not appear there were any arrests made for these incidents when they occurred. [ECF No. 25 at ¶93]. Instead, from the PSIR, it looks like he did not appear for a hearing on both matters and a warrant was issued for both matters. At some point, Mr. Skahan-Lowe was arrested for both offenses and was sentenced on both matters on the same date, which was January 19, 2021. Accordingly, it does not appear there was an intervening arrest and the sentences for these two convictions should be treated as a single sentence for a total of 1 point.

Objection to Presentence Investigation Report  3

**4. Pages 14-15, ¶¶s 107-116**: Mr. Skahan-Lowe objects to the 3 points assessed for his conviction First-Degree Burglary (Date of Offense – 6/27/2021; Yakima Superior Court Cause No. 21-1-01170-7) and 3 points assessed for his conviction of Possession of Stolen Motor Vehicle (Date of Offense – 3-31-2022; Yakima Superior Court Cause No. 22-1-00609-4). Even though these offenses occurred on separate dates, Mr. Skahan-Lowe believes these two convictions should be treated as a single sentence under USSG § 4A1.2(a)(2)(B) because there does not appear to have been an intervening arrest and both matters were sentenced on the same day. From the PSIR, it does not appear an arrest was made for the First-Degree Burglary offense at the time of the incident. It is unclear if Mr. Skahan-Lowe was arrested on this offense before his arrest on the Possession of Stolen Motor Vehicle charge. *Id.* at ¶112. Since it appears there was no intervening arrest before Mr. Skahan-Lowe's arrest in the Possession of Stolen Motor Vehicle and he was sentenced on both matters on the same date, which was June 9, 2022, these two convictions should be treated as a single sentence for a total of 3 points.

**5. Page 16 – Criminal History Computation**: Should the Court agree with Objections 1-4, then criminal history score would be 17, resulting in a CHC of VI.

**6. Page 23, ¶179**: Mr. Skahan-Lowe objects to the recommendation of an upward departure based on USSG § 4A1.3(a). As noted in the PSIR, neither Chapter 3 nor Chapter 4 apply when the offense is a violation of 18 U.S.C. § 924(c)(1)(A)(ii). [ECF No. 25 at ¶27]. Because § 4A1.3(a) does not apply, this guideline cannot be a basis for an upward departure.

//

Objection to Presentence Investigation Report  4

Dated: January 11, 2023.

Respectfully Submitted,

s/Alex B. Hernandez, III
Alex B. Hernandez, III, WA 21807
Attorneys for James Skahan-Lowe
Federal Defenders of
Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118
Email: Ben_Hernandez@fd.org

## CERTIFICATE OF SERVICE

I certify that January 11, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to: Thomas J. Hanlon, Assistant United States Attorney and Carrie Valencia, United States Probation Officer.

s/Alex B. Hernandez, III
Alex B. Hernandez, III, WA 21807
Attorneys for James Skahan-Lowe